■ Frederick R. Adler, Respondent, v 720 Park Avenue Corp. et al., Defendants, and Marne Obernauer, Appellant. — Motion by plaintiff-respondent to "grant * * * leave to supplement the Record on Appeal or, in the

alternative, that the Court's determination of the appeal be without prejudice to respondent's right to develop the full record with supplementary material in the lower court" denied, without costs. "The propounded documents were not in the County Clerk's file and, in any event, never came to our attention until this motion was made. We are without authority to go beyond a submitted record save in limited instances, none of which pertains here. Any addition to the record should properly have been accomplished at Special Term before we ever received the case." (*Sacks v Stewart,* 75 AD2d 536, 537.) Nor is this disposition to be read to bar use for any legitimate purpose of whatever material may be found in the propounded "supplementary record" in any future application below, as will be touched on hereinafter. Order, Supreme Court, New York County (A. Williams, J.), entered April 1, 1981, reversed, on the law, the cross motion of defendant-appellant Obernauer to dismiss the fourth cause of action in the amended complaint stated against him, granted, and the motion to vacate the notice of pendency of action filed against Obernauer, granted, without prejudice however to an application by plaintiff-respondent to seek leave at Special Term further to amend his complaint (CPLR 3211, subd [e]), with costs. Plaintiff, sublessee of defendant Obernauer's co-operative apartment in the building named in the title of this action, entered into a contract with his sublessor to purchase that apartment upon stated terms, provided however that the board of directors of the co-operative corporate owner would consent to the sale by a certain date. That date came and went without action by the board, and the sale was aborted. In essence, it is plaintiff's claim in the fourth cause that the individual defendant had breached an alleged duty to bring about the necessary ratification by the board, instead of which defendant's inaction, with the board's co-operation therein, resulted in frustration of the proposed sale. There is a broad hint found in the papers and suggested at argument that there was an arrangement between Obernauer and members of the board to frustrate plaintiff in his attempted purchase so that the subject apartment might be made available to a prestigious friend of one of the directors; in short, that all concerned had proceeded in bad faith. While we agree that it is implicit in any contract that the parties agree to carry it out in good faith, the mere accusation that a breach of that duty has occurred is not sufficient to establish such a breach. " 'Good faith' is an intangible and abstract quality with no technical meaning or statutory definition * * * The existence of defendants' good faith as a substantive fact, therefore, necessitates an examination and evaluation of external manifestations as well." (*Doyle v Gordon,* 158 NYS2d 248, 259-260, per the late Isidor Wasservogel, Official Referee.) To establish his fourth cause, therefore, plaintiff must plead — as he has not — those things done or caused to be done by defendant Obernauer which will establish a breach of a duty owed by one with whom plaintiff contracted. Unfortunately for plaintiff, the fourth cause does not state the facts upon which the claim of bad faith is based. Possibly, as is seemingly reflected by the motion dealt with *supra,* these "facts" may be found in the proffered supplemental material, which might better be offered to Special Term "[as] evidence to justify the granting of such leave" (CPLR 3211, subd [e]) upon an appropriate motion for leave to amend. Special Term allowed the cause to stand, giving plaintiff the opportunity — we believe improvidently — to establish his cause by means of discovery. If plaintiff has the necessary facts, he may proceed in the manner we have indicated to endeavor to establish his case. Concur — Sullivan, J. P., Ross, Markewich, Lupiano and Silverman, JJ.